<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

**CROWN FINANCIAL GROUP, INC. and CROWN FINANCIAL HOLDINGS, INC.,**

    **Plaintiffs,**

v.

**TIMOTHY DEMAREST, PERSEIDS TECHNOLOGIES INC., LLC, and TD WATERHOUSE GROUP, INC.,**

    **Defendants.**

05-CV-1951 (WJM)

OPINION

---

Joel E. Davidson
Lisa A Catalano
Davidson & Grannum, LLP
30 Ramland Road, Suite 201
Orangeburg, NY 10962

*Attorneys for Plaintiffs*

Debra E. Guston
Guston & Guston, LLP
55 Harristown Road
Glen Rock, NJ 07452

Yetta G. Kurland, Esq.
Kurland & Associates, P.C.
304 Park Avenue South, Suite 206
New York, NY 10010

*Attorneys for Defendants Timothy Demarest and Perseids Technologies Inc., LLC*

Charles M. Lizza
Kevin R.J. Schroth
Leboeuf, Lamb, Greene & Macrae, LLP
One Riverfront Plaza
Newark, NJ 07102

Ronald M. Daignault
Jones Day
222 East 41ˢᵗ Street
New York, NY 10017

*Attorneys for Defendant TD Waterhouse Group, Inc.*

**MARTINI, U.S.D.J.:**

Defendants Timothy Demarest and Perseids Technologies Inc., LLC and Defendant TD Waterhouse Group, Inc. (collectively referred to hereinafter as "Defendants") bring separate motions for attorneys' fees pursuant to 28 U.S.C. § 1927 and the Court's inherent power. Plaintiffs Crown Financial Group, Inc. and Crown Financial Holdings, Inc. ("Plaintiffs" or "Crown") and their attorneys oppose this motion. There was no oral argument. Fed. R. Civ. P. 78. For the reasons articulated below, Defendants' motion for attorneys' fees is **GRANTED.**

### ANALYSIS

**I.     Crown's Attorneys Violated 28 U.S.C. § 1927**

Defendants ask the Court to sanction Crown and its attorneys, Davidson & Grannum, LLP, under 28 U.S.C. § 1927 and the Court's inherent power for improperly obtaining an *ex parte* TRO. A court should base its sanctions on a controlling statute or rule to the extent one is applicable before relying on the court's inherent authority. *See Klein v. Stahl Gmbh & Co. Maschinefabrik*, 185 F.3d 98, 110 (3d Cir. 1999). Therefore, the Court will begin its analysis by looking at § 1927.

Section 1927 states in relevant part: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To impose sanctions under § 1927, a court must find that "an attorney has (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *LaSalle Nat. Bank v. First Conneticut Holding Group, LLC*, 287 F.3d 279, 288 (3d Cir. 2002). Bad faith may be evidenced by the manner in which the action was brought or the manner in which it was litigated. For example, a party may act in bad faith by advancing a claim that it knew or should have known was meritless or by filing the lawsuit for an improper purpose such as harassment. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Actions,* 278 F.3d 175, 188 (3d Cir. 2002) (citation omitted).

In this case, Crown and its attorneys filed a motion for an *ex parte* temporary restraining order ("*ex parte* TRO") in conjunction with a verified complaint. The Complaint alleged that Defendant Demarest absconded with proprietary and confidential software and computer programming information when he left his employment with Crown. Crown asserted that Demarest then used that proprietary and confidential information to start his own company, Perseids Technologies, Inc. ("Perseids Technologies"), in the market making business, which concerns trading securities with the assistance of software. Crown alleged that Demarest and Perseids Technologies then used that information to provide market making services to one of its competitors - TD Waterhouse, Inc. ("TD Waterhouse"). According to Crown, when using this proprietary software, TD Waterhouse was able to steal one of Crown's largest clients - Deutsche Bank.

Crown's *ex parte* TRO application sought not only to restrain Demarest and Perseids Technologies from using the alleged proprietary and confidential software, but to engage in expedited and extensive discovery, including discovery of any information Demarest and Perseids Technologies disclosed to TD Waterhouse. To explain why it sought an *ex parte* TRO, Crown represented that if Defendants were provided advance notice of the impending lawsuit, they would destroy crucial evidence, and that failure to restrain Defendants would immediately and irreparably harm their market making business. However, in doing so, Crown failed to disclose highly pertinent facts that would have been given great weight when determining whether to grant the *ex parte* TRO. Contrary to their representation that notice would cause destruction of evidence, Crown had provided notice to Demarest and Perseids Technologies weeks before filing suit when they engaged in negotiations with these Defendants seeking the return of the allegedly confidential information. Further, contrary to their representation that they would be immediately and irreparably harmed, Crown chose to omit the fact that they were no longer in the market making business, having ceased operations months before filing suit. Not having all of the relevant information at its disposal, the Court mistakenly granted the *ex parte* TRO. These motions for attorneys' fees seek recompense for the attorneys' fees incurred because of Crown's impudently filed *ex parte* TRO.

Defendants argue that Crown and its attorneys multiplied the proceedings by improperly obtaining an *ex parte* TRO. Defendants contend that the *ex parte* TRO, with its injunctive relief and expedited discovery, forced Defendants to expend time and resources to vacate the *ex parte* TRO quickly.

Crown does not dispute that its *ex parte* TRO caused Defendants to expend time and resources. Instead, Crown argues that it did not intent to mislead the Court. Crown states that it would have disclosed its prior negotiations with Defendants had it been asked by the Court. This argument, however, is misguided. Crown bore the burden of being forthcoming with all relevant facts when it requested an *ex parte* TRO. If Crown had told the Court about the prior negotiations, the *ex parte* TRO would probably have been, at a minimum, converted into a normal TRO, requiring that the Defendants be given notice and an opportunity to appear in court.

In addition, the Court finds it hard to believe that Crown's business would have been immediately and irreparably harmed if Defendants were not enjoined. Crown had voluntarily ceased operations months prior to filing suit and had told clients to find other market making providers. If Crown had disclosed this fact, the Court would likely have denied the TRO for failure to show immediate and irreparable harm.

Crown and its attorneys articulate other reasons why they should not be held liable for attorneys' fees. Crown maintains, among other things, that the TRO only sped up the judicial process because it would have eventually sought the same discovery and injunctive relief, that Demarest lacked clean hands, and that the TRO did not force TD Waterhouse to incur any legal costs because Demarest had agreed to indemnify it. However, none of these reasons addresses the fact that Crown and its attorneys acted in bad faith by omitting crucial information when they applied for an *ex parte* TRO.[1]

---

[1] Crown's argument that the TRO only sped up the judicial process is disingenuous. The judicial process in no way entitled it to omit key facts so it could obtain expansive discovery and enjoin Defendants from conducting certain aspects of their business.

Accordingly, the Court finds that Crown and its attorneys acted in bad faith by failing to disclose the parties' prior negotiations and Crown's cessation of their market making business. By not disclosing these facts, which Crown knew or should have known would affect the outcome of their application for an *ex parte* TRO, Crown unreasonably multiplied the proceedings of this case thereby increasing the costs to Defendants. In short, the Court finds that Crown's attorneys' actions in filing and obtaining the *ex parte* TRO violated 28 U.S.C. § 1927, warranting the imposition of sanctions.[2]  *See Agee v. Paramount Commc'ns Inc.,* 869 F. Supp. 209, 212 (S.D.N.Y. 1994) (sanctioning plaintiff under § 1927 for failing to disclose relevant information to the court when obtaining an *ex parte* TRO).

## II.   Award of Attorneys' Fees

Having found that Crown's attorneys violated § 1927, the appropriateness of the sanction is left to the Court's discretion. *See Hackman v. Valley Fair,* 932 F.2d 239, 242 (3d Cir. 1991). Section 1927 authorizes the imposition of attorneys' fees that result from the particular misconduct the court sanctioned. *Martin v. Brown,* 63 F.3d 1252, 1265 (3d Cir. 1995) (citation omitted).

Defendants request a total of $253,379.17 in fees and costs. However, the Court does not believe it is reasonable or appropriate to impose such a sanction on the facts presented. First, Defendants ask for too much; they ask for fees and costs that are unaffiliated with the multiplied proceedings. For example, they seek fees associated with their motions encouraging the Court to

---

[2] In the alternative, the Court finds that it would also be appropriate to sanction Crown and its attorneys under its inherent power.

not exercise supplemental jurisdiction over Crown's state claims. These motions were brought after the *ex parte* TRO was dissolved and did not concern the method by which Crown initiated this action. Second, and perhaps more importantly, Crown's attorneys' actions in this case were not so egregious as to warrant a large sanction. Although the Court is deeply troubled by their omission of key facts that likely would have led to denial of Crown's *ex parte* TRO, the Court believes that imposition of a smaller sanction will sufficiently deter counsel from engaging in such inappropriate conduct in the future. Accordingly, given the record before the Court, the Court finds in its discretion that it is more appropriate and reasonable to award Defendants Demarest and Perseids Technologies $12,500 in attorneys' fees and Defendant TD Waterhouse $12,500 in attorneys' fees.

## CONCLUSION

For the forgoing reasons, the Court grants Defendants' motions for attorneys' fees and sanctions Crown's attorneys, Davidson & Grannum, LLP, in the total amount of $25,000, which is meant not only to reimburse Defendants for some of their fees, but to deter this sort of reprehensible conduct in the future.

**Dated:** August 16th, 2005                      s/ William J. Martini
                                                  **William J. Martini, U.S.D.J.**